IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**HARRY HAWKINS, JR.,**

                **Petitioner,**

     v.                                                       **CASE NO. 06-3261-RDR**

**UNITED STATES PAROLE COMMISSION, et al.,**

                **Respondents.**


<u>**O R D E R**</u>

This matter is before the court on a pro se petition filed under the All Writs Act, 28 U.S.C. § 1651, by a federal prisoner confined in a Leavenworth, Kansas, detention center operated by the Corrections Corporation of America.[1]  Petitioner alleges error in the computation of his sentence and seeks his immediate release.[2]

Petitioner claims the United States Parole Commission is using inaccurate information to compute his sentence, and that he is being

---

[1] Petitioner subsequently notified the court of his transfer to FCI-Forrest City in Forrest City, Arkansas.

[2] Petitioner's challenge to the execution of his sentence is appropriate under 28 U.S.C. § 2241.  *See* <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996)(§ 2241 petition attacks execution of sentence).  Accordingly, the court liberally construes petitioner's pro se pleading as one seeking relief under 28 U.S.C. § 2241. <u>Pennsylvania Bureau of Correction v. United States Marshals Service</u>, 474 U.S. 34, 43 (1985)("The All Writs Act [contained in 28 U.S.C. § 1651] is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.").

confined beyond the sentence imposed because he has been unlawfully denied good time and extra good time credits. However, petitioner expressly notes in his petition that "[t]his grievance arises from a previous claim that was submitted to the U.S. District Court of Oklahoma City a few months ago, but the petitioner was released before receiving a response from the court."

Court records disclose petitioner's filing of a habeas petition in the Western District of Oklahoma, and that said action is currently pending before that court.³ A habeas petitioner is generally required to seek relief in a single application. 28 U.S.C. § 2244(b). Petitioner is not entitled to re-file the same claims in this court simply because he was transferred to a facility in Kansas, or to concurrently seek relief on the same claims in two different federal courts.⁴ *See* Colorado River Water Conservation

---

³*See* Hawkins v. United States Parole Commission, Case No. 06-704 (W.D.Okl., filed June 30, 2006).

⁴Nor does it appear that petitioner is unaware that his case in the Western District of Oklahoma is still pending. The court record in that case reflects the receipt of petitioner's correspondence, dated September 28, 2006, in which petitioner notifies the court of his new Arkansas address, and seeks an expedited disposition of his pending "grievance."
   Similar correspondence to this court from petitioner dated September 28, 2006, notifies the court of petitioner's new Arkansas address, and seeks an expedited disposition of "the two(2) grievances that are pending a resolution in your court," citing "grievances" filed in the District of Kansas in March and August 2006. Petitioner is advised that this court has dismissed both of those petitions. *See* Hawkins v. United States Parole Commission, Case No. 06-3077 (filed March 14, 2006; dismissed without prejudice March 28, 2006; *appeal pending*); Hawkins v. United States Parole Commission, Case No. 06-3161 (filed May 22, 2006, dismissed without prejudice June 23, 2006).

<u>Dist. v. United States</u>, 424 U.S. 800, 817 (1976)(duplicative litigation in the federal courts is to be discouraged).

Thus on the face of the record, the court finds this action is duplicative to petitioner's pending case in the Western District of Oklahoma, and concludes this action should be dismissed without prejudice. *See* <u>Curtis v. Citibank, N.A.</u>, 226 F.3d 133, 138 (2d Cir. 2000)(district court "may stay or dismiss a case that is duplicative of another federal court suit").

IT IS THEREFORE ORDERED that petitioner is granted leave to proceed in forma pauperis, and that the petition for a writ of habeas corpus is dismissed without prejudice.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (Doc. 3) and motion to expedite (Doc. 5) are denied as moot.

DATED:  This 6th day of October 2006, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge